UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 06-29-HRW

TIMOTHY PARSONS,                                                        PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

**FEDERAL EXPRESS CORPORATION,**           **DEFENDANT.**

       This matter is before the Court upon Defendant Federal Express Corporation's Motion for Summary Judgment [Docket No. 38].

       Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned referred these motions to Magistrate Judge Edward B. Atkins. The Magistrate has since issued a Report and Recommendation that Defendant's dispositive motion be sustained only insofar as it pertains to Plaintiff's claims for intentional infliction of emotional distress, invasion of privacy, attempted extortion and harassment [Docket No. 52]. He concluded that issues of facts precluded summary judgment as to Plaintiff's claims of defamation and retaliatory discharge [Docket No. 52].

       Both parties filed timely, particularized objections [Docket Nos. 53. 54]. Defendant objected to the Magistrate's report pertaining to Plaintiff's claims of defamation and retaliatory discharge. Plaintiff objected to the Magistrate's report regarding his claim of intention infliction of emotional distress.

This Court must review *de novo* the portions of the Magistrate's disposition to which the parties objected. Fed.r.Civ.P. 72(b)(3). The Court will address each parties' objections in turn.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a series of events which ultimately resulted in the termination of Plaintiff Timothy Parson's employment with Defendant Federal Express Corporation (hereinafter "FedEx").

The factual and procedural background set forth in the Magistrate's Report are incorporated herein.

## II.  SUMMARY JUDGMENT STANDARD

In 1986, the United States Supreme Court set forth the standard for summary judgment in a trilogy of cases: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Celotex v. Cartett*, 477 U.S. 317. 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Following this precedent and Fed.R.Civ.P. 56(c), the moving party is entitled to judgment as a matter of law when "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." Summary judgment is mandated

against a party who has failed to establish an essential element of his or her case after adequate time for discovery. In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *Celotex v. Cartett*, 477 U.S. at 322-323.

**III. DEFAMATION**

Reading Plaintiff's deposition, as well as his Affidavit, it appears that the basis of Plaintiff's defamation claim is the following allegations: (1) "whispers of my having used legally prescribed narcotics in the past" [Plaintiff's Affidavit ¶ 5]; (2) "I was told directly by several co-workers that by drug use was openly spoken about Ms. Grimm [Plaintiff's Affidavit ¶ 5]; (3) "I was told by my fellow co-workers that the management at the Huntington Station were openly stating that I had in fact committed the acts that were alleged and they would 'get' me" [Plaintiff's Affidavit ¶ 11]; (4) Brenda Hargis told Sam Marcum about Plaintiff's past use of legally prescribed narcotics [Deposition of Plaintiff, Pt. 2, p.13, l. 7-13] and (5) "people" told Plaintiff that Sam Osborne told them that he had been fired due to falsification and drug abuse [Deposition of Plaintiff, Pt. 2, p.60-61, l. 16-24]. Plaintiff also contends that he was defamed by Defendant's alleged statements regarding his use of pornography. However, this allegation is simply that; Plaintiff has failed to produce any evidence in support of it.

In order to maintain a claim for defamation, Plaintiff must show:

> that false and defamatory statements were made against him, or relating to him, to a third party who did not have a reasonable right to know, and that the statements were made at least negligently on the part of the party making the statements, and resulted in injury to [him].

*Bine v. Owens*, 542 S.E.2d 842, 846 (W.Va. 2000).[1]

Thus, the essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury. *See generally, Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W.Va. 1983).

With regard to the first element[2], whether or not the challenged statement are capable of a defamatory meaning is a question for the Court. *Belcher v. Wal-Mart Stores, Inc.,* 568 S.E.2d 19, 26 (W.Va. 2002)(internal citations omitted).

---

[1] As this Court's jurisdiction is based upon diversity of citizenship, a determination must be made as to which state's substantive law applies. Using the "interest analysis", the parties agree, and the Court concurs, that the substantive law of West Virginia applies in this action.

[2] The Magistrate found that Defendant conceded that the challenged statements were defamatory. Defendant disagrees with the Magistrate's interpretation, as does this Court. Defendant merely stated that the statements pertaining to drug use, if **not** true, could be construed as defamatory [Docket No. 38, p.15]. This is hardly an "admission" of one of the essential elements of Plaintiff's claim. Indeed, Defendant went on to argue the reasons that the alleged statements were **not** defamatory.

First, any statements regarding the use of legally prescribed drugs are not defamatory in that Plaintiff testified that he was prescribed narcotics by a physician. In other words, the statements, if indeed made, were true. It is axiomatic that a true statement cannot be defamatory. Moreover, Plaintiff has not demonstrated that the alleged statements in this regard "tend[ed] so to harm [his] reputation as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Belcher*, 568 S.E.2d at 26.

As for the alleged statements by "management" and Sam Osborne to "people", they too fall short of defamatory. In addition to a hearsay problem, these statements lack particularity. What was said? To whom? Without this information, which forms the very basis of Plaintiff's claim of defamation, Defendant cannot adequately defend against Plaintiff's claim.

Even if the challenged statements were to be considered defamatory, Plaintiff has not demonstrated a nonprivileged communication to a third party. Although Defendant makes an argument as to investigatory privilege, Plaintiff's claims fails before such a defense can be mounted. Extensive discovery has been conducted in this case, yet the record remains devoid of any evidence, other than Plaintiff's own accusations, that Defendant, through its employees, published the aforementioned statements to anyone, either outside the station or within. Indeed,

5

Plaintiff admitted that he "does not know he specific names" of those who were told some defamatory statement [Deposition of Plaintiff, Pt. 2, p.63, l. 10-15]. Without a communication to a third-party, Plaintiff cannot prove the essential elements of his claim.

The Court is mindful that in the face of Defendant's properly supported dispositve motion, the burden shifts to Plaintiff to produce evidence establishing the existence of a genuine issue of trial. His own allegations or denials do not satisfy his obligation to effectively rebut Defendant's arguments. Fed.R.Civ.P. 56(e)(2). He must produce evidence sufficient for a reasonably jury to find in his favor. Despite ample time in which to conduct discovery, Plaintiff has not produced a single item of evidence which would support his claim of defamation.

**IV.   RETALIATORY DISCHARGE**

Plaintiff contends that Defendant retaliated against him for "complaining about the disappearance of controlled substances from his truck," his refusal to commit insurance fraud allegedly at Defendant's behest and his complaints pertaining to the investigation of him [Docket No. 40, p. 19-21].

In an action to redress an unlawful retaliatory discharge, the burden is on Plaintiff to prove by a preponderance of the evidence that (1) he engaged in protected activity; (2) his employer was aware of the protected activity; (3) he was

subsequently discharged; and (4) the discharge followed his protected activity within such a period of time that the court can infer retaliatory discharge. *See generally, Frank's Shoe Store v. West Virginia Human Rights Commission*, 365 S.E.2d 251 (W.Va. 1986).

Once Plaintff has established a *prima facie* case of retaliatory discharge, the burden shifts to Defendant to demonstrate a legitimate reason for the termination of employment. *Id.*

If Defendant offers credible evidence of a legitimate reason for its actions, the burden shifts back to Plaintiff to prove that the Defendant's proffered reasons were merely pretextual. *Id.*

In its motion, Defendant argues that, even assuming Plaintiff can establish a *prima facie* case in this regard, FedEx can prove a legitimate, non-discriminatory reason for the termination of Plaintiff's employment.

The Magistrate found that although Defendant had demonstrated a legitimate reasons for terminating Plaintiff's employment, Plaintiff had created a genuine issue of material fact as to pretext. The Court disagrees.

Plaintiff's employment was terminated for falsification of company documents, specifically, a time card and a delivery report. Pursuant to FedEx's policies and procedures, this offense can result immediate termination [Deposition

of Plaintiff, Pt. 1, Exhibit 3]. The Court finds that the Magistrate correctly concluded that this was a legitimate reason for the termination of Plaintiff's employment.

In an effort to rebut Defendant's proof, Plaintiff asserts that all employees misuse the codes in the manner in which he did but none have been fired. However, he has not produced any evidence in this regard aside from his own speculation.

As discussed *supra*, in order to effectively rebut a properly supported motion for summary judgment, Plaintiff must produce admissible evidence establishing the essential elements of his claim.

Thus, even assuming that Plaintiff could establish a causal connection between his protected conduct and his termination, he has failed to offer any evidence to rebut the legitimate, nondiscriminatory reason for his termination articulated by Defendant. Indeed, Plaintiff's retaliation claim is wholly based on his personal belief as to Defendant's motivation in terminating his employment. He offers no evidence, aside from his own speculation, which supports her charge of retaliation. Unsupported speculation is insufficient to establish pretext.

Again, Plaintiff's claim fails for lack of proof.

**V.      INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

In support of his claim of intentional infliction of emotion distress, or outrage,[3] Plaintiff contends that the investigation which forms the basis of this civil action went beyond its proper scope, that information about the investigation was "common knowledge" among his co-workers and that the Defendant's actions were motivated by a desire to punish Plaintiff for reporting breeches of company policy [Docket No. 40, p. 9-10].

The conduct giving rise to an action for intentional infliction of emotional distress must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *See generally, Tanner v. Rite Aid of West Virginia, Inc.*, 461 S.E.2d 149 (W.Va. 1995). Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" *McCammon v. Odaker*, 516 S.E.2d 38, 46 (W.Va. 1999). Intentional infliction of emotional distress is a "difficult fact pattern to prove." *Hines v. Hills Department Stores, Inc.*, 454 S.E.2d 385, 390 (W.Va. 1994).

---

[3] The two are synonymous under West Virginia law. *See generally, Tanner v. Rite Aid of West Virginia, Inc.*, 461 S.E.2d 149 (W.Va. 1995).

West Virginia courts have approved an employer's investigative prerogative in the face of allegations of outrage so long as the employer acted appropriately under the circumstances and in keeping with their own policies. *See e.g., Dzinglski v. Weirton Steel Corporation*, 45 S.E.2d 219 (W.Va. 1994).

In this case, Plaintiff conceded that Defendant was warranted in conducting an internal investigation regarding the opening of packages of pornographic material located in the truck [Deposition of Plaintiff, Pt. 1, p. 8-10]. Plaintiff also admitted that Defendant has a legitimate need to investigate alleged drug use by its employees [Deposition of Plaintiff, Pt. 1, p. 7]. Further, Plaintiff acknowledged that placing him on paid leave pending the investigation is consistent with company policy [Deposition of Plaintiff, Pt. 1, p. 18]. Plaintiff also recognizes that transferring a driver's route in response to a customer complaint is not unreasonable [Deposition of Plaintiff, Pt. 1, p. 18]. Finally, the record shows that during the investigation, Defendant interviewed employees and gave Plaintiff an opportunity to present his side of the story.

Nothing in the record would prompt a reasonable individual to exclaim "outage!" To the contrary, the Court finds Defendant's actions to be reasonable and warranted given the circumstances. Nothing in the record rises to the level contemplated by *Tanner* or its progeny. Thus, Defendant is entitled to judgment

as a matter of law with regard to Plaintiff's claim of outrage.

## VI.   CONCLUSION

Plaintiff has not carried his burden in effectively responding to Defendant's properly supported motion for summary judgment.   Therefore, Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 38] be **SUSTAINED** and that this matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This September 29, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge